**UNITED STATES of America**

v.

**Toriano PRIDGEN.**

**Criminal Action No. 97–40011–NMG.**

United States District Court,
D. Massachusetts.

Oct. 7, 1997.

Martin Boudreau, North Quincy, MA, for Toriano Pridgen.

Kimberly S. Budd, U.S. Attorney's Office, Boston, MA, for U.S.

### MEMORANDUM AND ORDER

GORTON, District Judge.

On April 23, 1997, a federal grand jury returned a one-count Indictment against the defendant Toriano Pridgen ("Pridgen") charging him with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Pending before this

Court is Pridgen's motion to suppress evidence of a sawed-off shotgun that was allegedly recovered from him by Fitchburg Police on September 24, 1996.

## I. *Background* [1]

On the night of Tuesday, September 24, 1996, Fitchburg Police Officer Francisco Balaguer ("Balaguer") was on uniformed foot patrol in the Clegghorn area of downtown Fitchburg. At approximately 8:30 p.m., while walking on Daniels Street, Officer Balaguer noticed two males, one white and one black, walking toward him. Upon seeing the officer, the men stopped and the white male pointed into a boarded up store. Officer Balaguer suspected that the men were trying to avoid having to walk past him and he walked toward the two men. As he approached, the black male, who was later identified to be Pridgen, turned and began walking in the opposite direction. The white male remained stationary.

As Pridgen walked away from Officer Balaguer, he repeatedly looked back, quickened his step and eventually started to run. Officer Balaguer ran after him and radioed for back-up assistance. He pursued Pridgen into an alleyway that was barred on the far end by a locked steel gate. Pridgen attempted unsuccessfully to climb over the gate.

As Pridgen came down off the gate, he turned around and faced Officer Balaguer who was about five feet away. Pridgen charged toward Balaguer with his arms outstretched and shoved Balaguer to the ground. Pridgen also fell to the ground and the two men engaged in a struggle. Pridgen broke free, ran across a courtyard adjacent to the alley and attempted, again unsuccessfully, to climb a seven foot stone wall. Pridgen then turned and faced Balaguer, who drew his revolver and told Pridgen he was then under arrest. Pridgen then ran back to the locked gate and began to climb over it, but Balaguer struggled to prevent him from doing so. During that struggle, a sawed-off shotgun fell to the ground. Fitchburg Police

1. The background facts are based upon the written report and credible testimony of Officer Francisco Balaguer. At an evidentiary hearing on the pending motion, two defense witnesses provided testimony that did not contradict any of the relevant and material information provided by Officer Balaguer.

Officer Howe then arrived and, together with Officer Balaguer, he subdued Pridgen.

## II. *Procedural History*

Pridgen was charged in state court in connection with possession of the firearm. On January 15, 1997, the Massachusetts Superior Court granted Pridgen's Motion to Suppress the shotgun found by the Fitchburg Police. Under Massachusetts law, a person is seized for Fourth Amendment purposes when a police officer initiates pursuit. *Commonwealth v. Stoute*, 422 Mass. 782, 783, 665 N.E.2d 93 (1996). The state court held that Officer Balaguer did not have a reasonable suspicion to justify pursuing Pridgen. Pridgen's indictment in federal court was returned shortly thereafter.

## III. *Analysis*

■ Pridgen contends that the shotgun must be suppressed because it was the fruit of an illegal seizure. To determine whether Officer Balaguer's seizure of Pridgen was justified, it is first necessary to establish when the seizure occurred. A seizure does not occur, under federal law, until a police officer, either by means of physical force or a show of authority, has in some way restrained an individual's liberty. *See California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 1550–51, 113 L.Ed.2d 690 (1991). Where a show of authority is involved, no seizure occurs until the individual actually submits to the officer's command and when physical force is involved, the seizure occurs when the officer and the individual first come into physical contact. *See id.*

■ Officer Balaguer and Pridgen first came into physical contact when Pridgen ran at Officer Balaguer with his arms outstretched and knocked the officer to the ground. At that point, Officer Balaguer had probable cause to arrest Pridgen because he could reasonably conclude that Pridgen had committed an offense.

"Probable cause must be evaluated in light of the totality of the circumstances." *United States v. Uricoechea–Casallas,* 946 F.2d 162, 165 (1st Cir.1991). Probable cause exists "where the facts and circumstances ... would be sufficient to permit a reasonably prudent person, or one of reasonable caution, to conclude that an offense has been, will be, or is being committed." *United States v. Cruz Jimenez,* 894 F.2d 1, 4 (1st Cir.1990). Because Officer Balaguer had probable cause to arrest Pridgen, the subsequent seizure of the shotgun did not violate Pridgen's Fourth Amendment rights.

Although both of defendant's witnesses saw some of the incident and testified that they did not see Pridgen shove Officer Balaguer, the Court does not discredit their testimony or the officer's because defendant's witnesses admit that Pridgen and the officer were out of their sight for a period of time. The interval is deemed to be sufficient to account for the events described by the officer but not witnessed by the others.

██  Pridgen also argues that the government should not be allowed to use evidence of the shotgun because the same evidence was suppressed in state court. The First Circuit has, however, held that evidence suppressed in state court may be used in subsequent federal proceedings so long as federal officials were not in privity with state officials. *United States v. Bonilla Romero,* 836 F.2d 39, 43 (1st Cir.1987). Pridgen does not argue that such privity existed.

## ORDER

For the foregoing reasons, the Defendant's Motion to Suppress is **DENIED**.

So ordered.